# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**TODD LATIMER,**

    **Plaintiff,**

**v.**                                    **Case No.  8:06-cv-1921-T-30EAJ**

**ROARING TOYZ, INC.; ROBERT
FISHER; KAWASAKI MOTORS CORP,
USA; HACHETTE FILIPACCHI MEDIA
U.S., INC.,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants Roaring Toyz, Inc. and Robert Fisher's Motions to Dismiss [the] Amended Complaint (Dkts. 14, 18), and Plaintiff's responses in Opposition (Dkts. 15, 21).

### MOTION TO DISMISS STANDARD

At the motion to dismiss stage, this Court must view the complaint in the light most favorable to Plaintiffs and construe all allegations in the complaint as true. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  A court may, however, dismiss a complaint on a dispositive issue of law. Marshall Cty Bd. of Educ. v. Marshall Cty Gas Dist., 992 F.2d 1171 (11th Cir.1993).  Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief. . . However, the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent." Quality Foods

DeCentro America S.A. v. Latin Am. Agribusiness Dev. Corp., 711 F. 2d 989, 995 (11th Cir.

1983).  A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that

the Plaintiff can prove no set of facts to support his claim.  Conley v. Gibson, 355 U.S. 41,

45-46 (1957); South Florida Water Mgt. Dist. v. Montalvo, 84 F. 3d 402, 406 (11th Cir.

1996).

## DISCUSSION

Defendants argue the Amended Complaint should be dismissed because it fails to

allege the work at issue is original (Dkts. 18, 21).  However, "to state a claim for copyright

infringement, 'two elements must be proven: (1) ownership of valid copyright, and (2)

copying of constituent elements of the work that are original.' " Herzog v. Castle Rock

Entertainment, 193 F.3d 1241, 1247-48 (11th Cir. 1999).  Plaintiff has attached to his

Amended Complaint a copy of his work's Certificate of Registration (Dkt. 2, Ex. 1).

Pursuant to 17 U.S.C. § 410(c), "[i]n any judicial proceedings [,] the certificate of a

registration made before or within five years after first publication of the work shall

constitute prima facie evidence of the validity of the copyright and of the facts stated in the

certificate." 17 U.S.C. §410(c) (2005).  Assuming the allegations in the Amended Complaint

are true, as this Court must at the motion to dismiss stage, Plaintiff's work was registered

June 2, 2006 (Dkt. 2, Ex. 1).  Defendants, according to the Amended Complaint,  either are

using, or have used the work in 2006 or 2007, well within the five year period described in

the statute.  Based on the Certificate of Registration, which is incorporated by reference into

the Amended Complaint, this Court finds that  Plaintiff has sufficiently alleged the subject

work is an original.

It is therefore ORDERED AND ADJUDGED that Defendants Roaring Toyz, Inc. and

Robert Fisher's Motions to Dismiss [the] Amended Complaint (Dkts. 14, 18) are **DENIED.**

**DONE** and **ORDERED** in Tampa, Florida on February 2, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2006\06-cv-1921 - Motion to Dismiss.frm