**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TODD LATIMER,**

    **Plaintiff,**

v.                                      **Case No. 8:06-CV-1921-T-30EAJ**

**ROARING TOYZ, INC., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Reconsideration of the March 13, 2008 order granting summary judgment in favor of Defendants Hachette and Kawasaki (Dkt. 85). Citing <u>Massey v. Congress Life Ins. Co.</u>,[1] Plaintiff contends that he lacked notice that implied license or fair use was to be considered on summary judgment.

The record reflects that Defendants raised the issue of implied license in their Amended Answer, <u>see</u> Dkt. 49 at 4 ("Defendants were granted an implied license to copy and use the [photographs]."). As to fair use, in his complaint, Plaintiff asserts that "Kawasaki used . . . the Protected Work without Plaintiff's permission and/or authorization to advertise and promote its ZX-14 motorcycle by including the Protected Work in its press kits that were distributed to . . . dozens of national and international motorcycle publications. . . Defendant

---

[1] 116 F.3d 1414, 1417 (11th Cir. 1997) (reversing the district court's order granting, *sua sponte*, summary judgment to nonmovant plaintiff, the appellate court noted that "parties who move for summary judgment do not thereby waive their right to receive notice and an adequate opportunity to respond should the court *sua sponte* elect to test the strength of the movant's case under the summary judgment standard without notice to defendants that the strength of their defense to plaintiff's claims would be tested.")

Hatchette used the Protected Work without Plaintiff's permission . . . by including it in the June 2006 issue of Cycle World Magazine." Dkt. 2 ¶¶ 12-13. <u>See</u> 17 U.S.C. § 107.[2] A copy of the Cycle World Magazine's feature article on the ZX-14s, with accompanying photographs, was attached to Defendant's motion for summary judgment (Dkt. 59, Ex. A(b)(2)). Finally, in its answer to the complaint, Defendant Hachette denied Plaintiff's assertion that the article infringed any copyright, <u>see</u> Dkt. 27 ¶ 7. When considered in the context of the record as a whole, Defendant Hatchette's statement that the article did not contain any infringing work effectively asserts that its use of the photographs was within the exception for fair use under 17 U.S.C. § 107. Be that as it may, given Plaintiff's contention that he did not have adequate notice regarding the fair use issue, the Court concludes that Plaintiff's motion should be granted.

It is, therefore, **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Reconsideration is **GRANTED** (Dkt. 85). The March 13, 2008 order granting summary judgment in favor of Defendants Hachette and Kawasaki (Dkt. 80) is hereby **VACATED**.

2. The Clerk is instructed to reinstate Defendants' Motion for Summary Judgment to pending motion status (Dkt. 59).

3. Plaintiff may, **WITHIN TEN (10) DAYS** hereof, file a brief addressing the issues raised in its motion for reconsideration if it deems any additional briefing is needed

---

[2]"Notwithstanding the provisions of sections 106 and 106A, the fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright." 17 U.S.C. § 107.

over and above that filed with his motion.  In that event, Defendants shall, **WITHIN TEN (10) DAYS** of service thereof, file their response.

4. The trial set for May 2008 is CONTINUED.  A new trial date will be set after the Court enters its decision on Defendant's Motion for Summary Judgment (Dkt. 59).

**DONE** and **ORDERED** in Tampa, Florida on April 3, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**C**<u>**opies furnished to:**</u>
Counsel/Parties of Record

S:\Odd\2006\06-cv-1921 Grant Plf Mtn for Reconsideration.wpd